IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>BROQUE D. JOHNSON,<br><br>  Defendant. | Case No. 3:22-CR-30007-NJR-1 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Early Termination of Probation filed by Defendant Broque D. Johnson. (Doc. 54). Johnson seeks early termination of his two-year period of supervised release after serving over one year of his term. (*See* Docs. 54, 56). The Government opposes the request (Doc. 56), but the United States Probation Office does not.

Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

Here, Johnson has served more than one year of his term of supervised release which began in November 2023. (Docs. 54, 56). In December 2022, he was sentenced to a 21-month term of imprisonment (a 30-month sentence with an adjustment of 9 months for time spent in federal custody) and two years of supervised release. (Doc. 45). Johnson reports that he

has diligently worked to meet all the necessary requirements of his release, including successful completion of all mandated programs and demonstration of good behavior. (Doc. 54). He also points to his employment at a church, his efforts to help elderly citizens in his community with yardwork, and his commitment to personal growth and responsibility. (*Id.*). The Probation Office advises that it does not oppose Johnson's request as he meets the criteria for early termination.

While acknowledging that Johnson is making strides to change his life, the Government opposes early termination of his supervised release at this time. (Doc. 122). The Government points to two main reasons for its opposition: Johnson's lengthy criminal history and his periodic, inconsistent income. (*Id.*). The conviction in this case is Johnson's second federal conviction for felon in possession of a firearm preceded by several other infractions, including three drug convictions and three other firearm convictions. (*Id.*). According to the Government, Johnson only works periodically in the music business without a consistent income. (*Id.*). The Government expresses concern that an unexpected financial crisis could cause Johnson to revert to criminal behavior. (*Id.*).

Johnson has about four months left on supervised release. The Court understands the Government's position regarding employment, but terminating supervised release would provide Johnson more flexibility to attend music gigs out of the District to potentially earn more consistent pay. Furthermore, the Court notes Johnson's lengthy criminal history, especially his repeated firearm infractions. Importantly, though, Johnson has met the requirements of his supervised release and appears to be actively attempting to move forward.

Despite opposition from the Government, after considering Johnson's motion, input

from the Probation Office, and the 18 U.S.C. § 3553(a) factors, the Court finds that early termination of Johnson's supervised release is warranted by his conduct and in the interest of justice.

Accordingly, the Motion for Early Termination of Probation filed by Defendant Broque D. Johnson (Doc. 54) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

DATED:   July 10, 2025

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**